UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO DURAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-3323 |
| | § | |
| DANIEL WONG; dba DANIEL WONG KITCHEN, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Daniel Wong's Motion for Summary Judgment against the Plaintiff and all his claims under the Fair Labor Standards Act.[1] (Doc. 14.) The Defendant argues that the Plaintiff, Mario Duran, is not a covered employee under the FLSA; the Plaintiff argues that in his work for the Defendant he was engaged in interstate commerce and is therefore covered by the FLSA.

Having considered the motion, the record before the Court, and the applicable law, the Court finds that the Plaintiff is not a covered employee under the FLSA and that the Defendant's motion should be granted.

I.   Background

Following are the relevant, undisputed facts of the case: The Defendant is the owner and operator of Daniel Wong Kitchen ("DWK"), and he employed the Plaintiff at DWK beginning in approximately October 2008 as a dishwasher and as kitchen help. (Doc. 1 at 3; Doc. 6 at 2.) In this capacity the Plaintiff was responsible for washing dishes, cleaning the restaurant, and performing other manual labor as needed. (Doc. 14-2 ¶4; Doc. 15 at 5.)

---

[1] Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219 (2006).

Additionally, the Plaintiff alleges, but the Defendant does not admit, that in the performance of these duties he used goods, such as cleaning products, that had traveled in interstate commerce. (Doc. 15 at 5.)

On September 9, 2011, the Plaintiff filed an action for unpaid overtime compensation under the FLSA. (Doc. 1.) On July 18, 2012, the Defendant filed this motion for summary judgment. (Doc. 14.)

II.     Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view that evidence in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case—he does *not* have to support his motion with evidence *negating* the case. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

If the movant succeeds, the nonmovant must identify the specific evidence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. The nonmovant successfully makes this showing if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. "Summary judgment is appropriate, however, if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"

*Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006) (quoting *Celotex*, 477 U.S. at 322-23).

III.     Analysis

The FLSA protects employees who fall under either of two types of coverage: (1) "enterprise coverage," which protects all those who are "employed in an enterprise engaged in commerce or in the production of goods for commerce," or (2) "individual coverage," which protects those who are individually "engaged in commerce or in the production of goods for commerce," regardless of whether the employer constitutes an enterprise. 29 U.S.C. § 207(a)(1); *see also Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection."). In this case the Plaintiff concedes that the Defendant is not an "enterprise" and that enterprise coverage does not apply. (Doc. 15 at 5.) The remaining element, the essential element in question, is individual coverage. This coverage applies only if "the [employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (*per curiam*) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)).

The Plaintiff bears the burden of proving at trial that he is entitled to protection under the FLSA. *Sobrinio*, 474 F.3d at 830. Therefore, the Defendant, as the movant, can meet his initial burden by pointing to the absence of evidence that such protection exists. He meets this burden by pointing out that the Plaintiff's employment was limited to purely intrastate duties (Doc. 14-1 at 2-3). The burden then shifts to the Plaintiff to identify specific evidence of a genuine issue of material fact. He attempts to do so by alleging that "in performing his duties, he used goods, such as cleaning products, that had traveled in interstate commerce." (Doc. 15 at 5.)

There are two problems with this allegation. First, it is unsubstantiated by the record, for although the Plaintiff cites the Defendant's Declaration (Doc. 14-2), a closer examination reveals that no such declaration is made. "[T]he nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 256). This is just such an assertion and therefore does not suffice.

The second problem with this allegation is that even if the Plaintiff had offered evidence in support, this evidence would still fall short of satisfying the Plaintiff's burden. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. An alleged fact that the employee's use of goods had traveled in interstate commerce is relevant to the outcome of the suit only if it establishes individual coverage under the FLSA. The clear weight of legal authority shows that does not.

Again, the test is "whether the [employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio*, 474 F.3d at 829. The Plaintiff failed to provide any relevant authority supporting his argument that the alleged fact meets this test,[2] and there is case law to the contrary: "It has been held that one who does no more than clean a bank is not so closely related to the commerce of the bank as to be a part of it." *Wirtz v. B.B. Saxon Co.*, 365 F.2d 457, 462 (5th Cir. 1966) (holding that individual coverage applies to employees

---

[2] The Plaintiff cites two cases in support. The first, *Polycarpe v. E&S Landscaping Serv., Inc.*, is not an individual coverage case and is therefore inapposite. 616 F.3d 1217, 1220 (11th Cir. 2010) ("[W]e are only concerned in this appeal with enterprise coverage."). The second, 29 C.F.R. § 552.99, applies only to domestic service employees and is also inapposite. DOL Application of the Fair Labor Standards Act to Domestic Service Rule, 16 C.F.R. § 552.99 (2012) ("Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce.").

maintaining instrumentalities of interstate travel at a military base but not to janitors cleaning buildings and structures at the same base); *see also Sobrinio*, 474 F.3d 828 (coverage does not apply to motel employee driving out-of-state guests to and from local destinations) and *Joles v. Johnson County Youth Service Bureau, Inc.*, 885 F.Supp 1179, 1179 (S.D. Ind. 1995) (no individual coverage for plaintiff who purchased food and supplies from local retailers; when goods, which were not specially ordered, reached local retailers, their interstate journey had ended); *but see Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122 (5th Cir. 1979) (coverage does apply to drivers transporting commuters across state and national boundaries as a regular, recurring, and substantial part of their work) .

The Plaintiff alleges only that in the course of his duties as a dishwasher and kitchen helper at a local restaurant, he used products that had traveled in interstate commerce. The Court holds that the mere use of goods that have traveled in interstate commerce is by itself insufficient to establish individual coverage under the FLSA. There is no dispute of a material fact concerning FLSA coverage.

IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED** and the Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

SIGNED at Houston, Texas, this 23rd day of October, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE